FILED
January 30, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____lad_____
DEPUTY

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| JOHN A. PHAM, SR. §<br>Plaintiff §<br>§<br>V. §<br>§<br>MAXIM HEALTHCARE §<br>SERVICES, INC. §<br>§<br>§<br>Defendants § | Civil Action  **6:23-cv-00059** |

### PLAINTIFF'S INITIAL COMPLAINT FOR EMPLOYMENT DISCRIMINATION, DEFAMATION, WRONGFUL TERMINATION, RETALIATION AND RETALIATION UNDER SECTION 504 OF REHABILITATION ACT ACTION UNDER DUE PROCESS/STIGMA PLUS AND EQUAL PROTECTION CLAIMS

1. This is an action by the plaintiff, John Anthony Pham ("plaintiff" or "John"), whose employment with defendant "Maxim Healthcare Services" was wrongfully terminated. Plaintiff brings this action against defendant for economic, noneconomic, compensatory, and punitive damages, pursuant to Civil Code section 3294, pre-judgment interest pursuant to Code of Civil Procedure section 3291, and costs and reasonable attorneys' fees pursuant to Code of Civil Procedure section 1021.5.

2a. The plaintiff is John Anthony Pham, Sr. who resides at address 1118 Coldstream Rd., Houston, Texas 77055, Harris County.

2b. Defendant Maxim Healthcare Services business is located at 3109 W Dr. Martin Luther King Jr. Blvd. Suite 500 & 501 Tampa, Florida 33607.

2c. Venue is proper in this court because the employment discrimination took place in the district that this Court is located.

3a.     Plaintiff was employed by the defendant at 3109 W Dr. Martin King Jr. Blvd. Suite 500 & 501 Tampa, Florida 33607

3b.     At all relevant times of claim of discrimination, Defendant employed More Than 50 employees.

4.      Defendant discriminated against plaintiff in the manner indicated in paragraph 13a of this complaint on or about April 9, 2019. Multiple incidences of discrimination, defamation and retaliation occurred August 23, 2018 through January 30, 2023.

5.      Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission (E.E.O.C.) charging defendant with the acts of discrimination indicated in paragraphs 7-11 of this complaint on or about October 14, 2022.

6a.     The E.E.O.C issued a **Notice of Right to Sue** which was received by plaintiff on October 31, 2022.

6b.     The E.E.O.C did not issue a **Determination** in my case.

7.      The action for employment discrimination arises under Title VII of the Civil Rights Act for employment discrimination. Jurisdiction is conferred by Title 42 of the United States Code, section 2000e-5.

8.      The action for racial discrimination in employment arises under Title 42 of the United States Code, section 1981. Jurisdiction is conferred by 42 U.S.C. section 1981 and Title 28 of the United States Code, sections 1331 and 1343.

9.      The action for retaliation arises under Section 504 of The Rehabilitation Act of 1973 29 USC §791 et seq.

10. The action for the due process/stigma plus claim arises under Title 42 of the United States Code, section 1983. Jurisdiction is conferred by Title 42 section 1983 and Title 28 of the United States Code, sections 1331 and 1343.

11. The action for equal protection arises under the XIV Amendment of the United States Constitution. Plaintiff invokes the class of one theory announced in *Village of Willowbrook v. Olech,* 528 U.S. 562, 120 S. Ct. 1073, 145 L.Ed.2d 1060 (2000). In the alternative, the action arises under the Equal Protection Clause of the XIV Amendment without invoking the class of one theory. Jurisdiction is conferred by the XIV Amendment of the US Constitution and Title 28 of the United States Code, sections 1331 and 1343.

12. The continuing action of defamation arises under Title 42 of the United States Code, section 1983. Jurisdiction is conferred by Title 42 section 1983 and Title 28 of the United States Code, sections 1331 and 1343.

13. The Conspiracy to violate the Open Records Act, TCHRA and Title VII.

13a.

- The Plaintiff is a Black.
- The Plaintiff is male.
- The Plaintiff was 51 years of age at the time of the incident.
- The Plaintiff through email, phone calls and his direct action steps complained (advocacy) about the conditions, not allowed equipment and missing services for the special education students (a protected class - under Section 504 of The Rehabilitation Act) he was the teacher of record for.
- The Plaintiff was transferred to another school.

- The Plaintiff at the next school through email, phone calls and his direct action steps complained (advocacy) about the conditions, not allowed equipment and missing services for the special education students (a protected class - under Section 504 of The Rehabilitation Act) he was the teacher of record for.
- The Defendant refused to investigate before their termination action.
- The Defendant refused to enforce the mandatory written documentation provision of their contract with Killeen ISD.
- The Plaintiff was terminated on April 9, 2019.
- The Plaintiff's attorney submitted an Open Records Request to the Defendant in August of 2019.
- The Defendant concealed the fact that they had submitted a false and defaming letter to the Texas Education Agency on April 9, 2019. The letter caused the Plaintiff's name and likeness to be placed in a world-wide accessible Do Not Hire registry which housed educators who had been accused of and terminated for sexual offenses with students.
- The Defendant acknowledged the concealment of the letter on January 14, 2022.

14. The Plaintiff requests a jury trial.

15. The Plaintiff respectfully prays that this Court award judgment in favor of Plaintiff's rights under Title VII of the Civil Rights Act, 42 U.S.C. section 2000e-5, 42 U.S.C. section 1981, 42 U.S.C. section 1983, the Equal Protection Clause of the XIV Amendment of the Unites States Constitution and award the following:

      1. Mental anguish past and future

      2. Humiliation past and future

      3. Innconvenience past and future

      4. Loss opportunity past and future

      5. Harm to professional reputation past and future

      6. Loss of enjoyment of life past and future

      7. Unble to adequately care for family past and future

c.    Plaintiff requests that defendant be ordered to pay punitive damages for its intentional discrimination, described above, against Plaintiff during and after his employment with Maxim Healthcare Services, Inc.

d.    Attorney's fees and court costs

e.    Grant plaintiff all such other relief as justice may allow.

 

                Respectfully submitted,

                */s/ John Pham*

                John Pham
                1118 Coldstream Rd. #16
                Houston, Texas 77092

                PLAINTIFF